UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIVA SAMAI,

        Plaintiff,

  v.

KRISTI NOEM, *et al.*
Secretary of Homeland Security,[1]

        Defendants.

Civil Action No. 22-cv-943

**MEMORANDUM OPINION**

*Pro se* Plaintiff Diva Samai has sued her former employer XTec, a government contractor, and the Department of Homeland Security, alleging discrimination and retaliation under Title VII, nearly two years after the Equal Employment Opportunity Commission 90-day deadline to do so. Both Defendants moved to dismiss. XTec Mot. to Dismiss at 1–15, ECF No. 33-1 ("XTec Mot."); Defs.' Mot. to Dismiss at 1–17, ECF No. 39-1 ("Defs.' Mot."). Because Plaintiff's claims are untimely, the court will GRANT XTec's Motion to Dismiss and DENY AS MOOT Defendants' Motion to Dismiss.

I.    **BACKGROUND**

    A.  **Factual Background**

Plaintiff is a Black woman who applied for and received a Project Management position at XTec, a digital security solutions company that does contract work for federal government agencies. Am. Compl. ¶¶ 10–11, ECF No. 12, XTec Mot. at 1. Plaintiff's job was to provide

---

[1] The court updated the caption to reflect the current Secretary of Homeland Security. Fed R. Civ. Pro. 25(d).

"administrative support to two divisions with one of XTec's customers." Am. Compl. ¶ 11. She began work in the summer of 2019 and was assigned to the Department of Homeland Security ("DHS") in the Office of Chief Security Officer, National Security Services. *Id.* ¶ 15; XTec Mot. at 2. Her duties included a range of administrative tasks: transcribing minutes from meetings, creating presentations, and assisting with the onboarding and offboarding of personnel. Am. Compl. ¶ 12. Her supervisor was Samantha East, but Michael Scott, the Director of Plaintiff's division, regularly assigned her daily tasks. *Id.* ¶¶ 17, 43.

Plaintiff alleges that Scott gave her tasks inconsistent with a "21st century administrative assistant." *Id.* ¶ 23. She complains, for example, that she had to: "stand at the printer" to retrieve Scott's printed items; plan a celebratory event for a team member and calculate the guest count for a dessert order; say good morning to Scott; and answer Scott's "repetitive questions" regarding completed assignments. *Id.* ¶¶ 21–22, 24–25. In November 2019, XTec scored Plaintiff's work performance a 2.1 out of 5 because of missed meetings, failure to complete tasks, and an inability to understand or use software essential to her work. XTec Mot. at 2. In December 2019, Plaintiff conveyed her concerns to East via text message, claiming Scott was causing her anxiety and stress. Am. Compl. ¶ 27. XTec terminated Plaintiff on January 16, 2020. *Id.* ¶ 29.

### B. Procedural History

In February 2020, Plaintiff filed a claim against XTec and DHS with the Equal Employment Opportunity Commission ("EEOC"). *Id*. ¶ 30. The Commission dismissed the complaint on September 3, 2020, because it was "unable to conclude that the information obtained establishe[d] violations of the statutes." XTec Mot., Ex. 2 at 2, ECF No. 33-1 ("XTec Ex. 2"). It then informed Plaintiff that she had 90 days to file a lawsuit under Title VII. *Id.*

Plaintiff instead filed two separate actions, neither of which was brought in this court under Title VII and both of which were unsuccessful. On November 6, 2020, she filed a complaint against XTec with the District of Columbia Office of Human Rights ("OHR") under the District of Columbia Human Rights Act, claiming disparate treatment and retaliation. XTec Mot., Ex. A at 1–2, ECF No. 33-1 ("XTec Ex. A"). OHR found no probable cause for either claim. *Id.* at 1–2. On April 7, 2023, Plaintiff filed a *pro se* suit in the Superior Court of the District of Columbia, alleging that Defendants slandered her in her OHR case. XTec Mot., Ex. 1 at 1–5, ECF No. 33-1 ("XTec Ex. 1"). The court dismissed the complaint for failure to state a claim, finding that Plaintiff offered only a "narrative of [] events that led" to her grievance. XTec Mot., Ex. 3 at 1–4, ECF No. 33-1 ("XTec Ex. 3"); *see also* Ord. Granting Defs.' Mot. to Dismiss at 1–4, *Samai v. Williams*, No. 2023-2342 (D.C. Sup. Ct. 2023).

On April 1, 2022, more than two years after the Commission issued her a right to sue letter, Plaintiff filed the complaint in this action, alleging discrimination by DHS. ECF No. 1. Plaintiff filed an amended complaint on August 9, 2022, adding claims for race and sex discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, dropping her whistleblower and False Claims Act claims, and adding XTec as a defendant. Am. Compl. ¶¶ 1–86.

On December 28, 2023, the court denied without prejudice DHS's first motion to dismiss Plaintiff's complaint because DHS had not addressed whether XTec qualified as a joint employer under Title VII. Dec. 28, 2023 Min. Ord. DHS renewed its motion to dismiss on April 5, 2024, adding that analysis. Defs.' Mot. at 1–17. XTec separately moved to dismiss Plaintiff's complaint on January 31, 2024, arguing that it was untimely. XTec Mot. at 7–9.

## II.    LEGAL STANDARD

A motion made under Rule 12(b)(6) tests whether a complaint has successfully "state[d] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While detailed factual allegations are not necessary to withstand a Rule 12(b)(6) challenge, a plaintiff must nonetheless provide "more than labels and conclusions" or a "formulaic" recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible only when a plaintiff pleads factual content that enables the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While the court must assume that any "well-pleaded factual allegations" in a complaint are accurate, conclusory allegations "are not entitled to the assumption of truth." *Id.* at 679.

## III.   ANALYSIS

Plaintiff's Complaint is untimely. A plaintiff alleging retaliation or discrimination under Title VII must file a complaint within 90 days after receiving a final decision from the EEOC. 42 U.S.C. § 2000e–16(c). Courts "apply Title VII's statute of limitations strictly" and will dismiss Title VII lawsuits for even "minor tardiness." *Able v. Washington Metro. Area Transit Auth.*, No. 18-cv-1372, 2023 WL 2733680, at *3 (D.D.C. Mar. 31, 2023) (collecting cases). "Even uncounseled litigants must act within the time provided by statutes and rules." *Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 173 (D.D.C. 2011) (internal quotation marks and citation omitted). Plaintiff received a final decision and right to sue notice on September 3, 2020. XTec Ex. 2 at 2. Plaintiff then initiated two other claims in separate forums rather than heed the Commission's directive to

file her claims in this court within 90 days. XTec Ex. A at 1–2; XTec Ex. 1 at 1–5. Only after she failed to obtain relief at OHR and in the Superior Court did Plaintiff seek relief here—nearly 500 days after the Commission's deadline. ECF No. 1. Consequently, her claims warrant dismissal.

## IV.     CONCLUSION

For the foregoing reasons, the court will GRANT XTec's Motion to Dismiss and DENY AS MOOT Defendants' Motion to Dismiss. A corresponding order will follow.

Date: February 27, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge