UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DIVA SAMAI**, Plaintiff, v. **MARKWAYNE MULLIN,** *et al.* Secretary of Homeland Security,[1] Defendants. | Civil Action No. 22-cv-943 (TSC) |

**MEMORANDUM OPINION**

Plaintiff Diva Samai, proceeding pro se, sued her former employer, XTec, and the Department of Homeland Security ("DHS"), alleging race and gender discrimination and retaliation under Title VII.  Am. Compl. ¶¶ 69–86, ECF No. 12.  Both Defendants moved to dismiss.  XTec Mot. to Dismiss ("XTec Mot.") at 1–14, ECF No. 33-1; DHS Mot. to Dismiss ("DHS Mot.") at 1–18, ECF No. 39-1.  The court granted XTec's motion after determining that Plaintiff's Complaint was untimely under Title VII's 90-day statute of limitations, denied DHS's motion as moot, and dismissed the case without prejudice.  *See* Mem. Op. at 4–5, ECF No. 57; Ord. at 1, ECF No. 58.  Plaintiff now seeks leave to file a Motion for Relief from the Court's Order ("Pl.'s Mot."), ECF Nos. 59-1–59-2.  For the reasons below, the court will GRANT Plaintiff's Motion for Leave to File and DENY her Motion for Relief from Order.

---

[1] The caption is updated to reflect the current Secretary of Homeland Security.  Fed. R. Civ. P. 25(d).

I.    BACKGROUND

From June 2019 through January 2020, Plaintiff worked as an administrative executive assistant in DHS's Office of Chief Security Officer, National Security Services to fulfill a government contract between her employer, XTec, and the agency.  *See generally* Am. Compl. Her duties included a range of administrative tasks: transcribing minutes from meetings, creating presentations, and assisting with the onboarding and offboarding of personnel.  *Id.* ¶ 12.  According to the Complaint, Plaintiff was the only African American woman in her DHS division and experienced repeated instances of discrimination in the form of "repetitive questions regarding assignments" by the Director, Michael Scott, and assignments that were inconsistent with a "21st century administrative assistant."  *Id.* ¶¶ 21, 23, 28.  Plaintiff also alleges that Scott "was quick to point out flaws and failed to recognize" her accomplishments, demanded her input on an event in the office then became upset with her over a minor task, and reprimanded her for not greeting him in the hallway.  *Id.* ¶¶ 24–26.  Plaintiff alleges that when she raised these concerns to her supervisor, Samantha East, she was "ridiculed rather than supported."  *Id.* ¶¶ 27–28.

Plaintiff was terminated from her position on January 16, 2020, and, in February 2020, filed Equal Employment Opportunity ("EEO") complaints against XTec[2] and DHS.  *Id.* ¶¶ 29, 30; *see also* Pl.'s Opp'n to XTec's Mot. at 4, ECF No. 35.  Soon thereafter, DHS allegedly "spoke illy of Ms. Samai outside the context of a recommendation for a job."  Am. Compl. ¶ 85.  On September 3, 2020, the Equal Employment Opportunity Commission ("EEOC") dismissed Plaintiff's charge because it was "unable to conclude that the information obtained established

---

[2] As explained below, Plaintiff's complaint named the wrong entity, but the charge and subsequent decision were nonetheless addressed and forwarded to XTec.

violations of the statutes." XTec Mot., Ex. 2 ("XTec Ex. 2") at 2–3, ECF No. 33-1.[3] The EEOC's decision included a Notice of Right to Sue, informing Plaintiff that she had 90 days to file a lawsuit under Title VII in federal district court. *Id.*; *see also* Pl.'s Mot. at 6.

Plaintiff filed this case against DHS on April 1, 2022, and, on August 9, 2022, amended the Complaint to add XTec as a Defendant. *See generally* Am. Compl. DHS moved to dismiss Plaintiff's Complaint on October 15, 2022, which the court denied without prejudice. *See* Dec. 28, 2023 Min. Ord. DHS renewed its motion to dismiss on April 5, 2024. *See generally* DHS Mot. XTec separately moved to dismiss on January 31, 2024, asserting, *inter alia*, that Plaintiff's Complaint was untimely. XTec Mot. at 7–9. On February 27, 2025, the court granted XTec's motion and dismissed Plaintiff's case without prejudice for failure to sue within Title VII's 90-day window. *See* Mem. Op. at 4–5. In so doing, the court denied DHS's motion as moot. Mem. Op. at 5; Ord. at 1.

Nearly eight months later, on October 20, 2025, Plaintiff moved for leave to file a motion for relief under Federal Rule of Civil Procedure 60(b) and requested the court equitably toll her deadline to file suit. Pl.'s Mot. at 1. Since that time, Plaintiff has sought leave to file numerous documents, including a supplemental request for equitable tolling, in which she largely re-alleges her grounds for relief under Rule 60(b) and articulates her various efforts to seek legal advice. Pl.'s Req. for Equitable Tolling, ECF No. 62. Plaintiff also seeks leave to file notices of exhibits, which detail her correspondence with the EEOC and a law school clinic, ECF No. 63; an automated response message from the EEOC's online support center, ECF No. 64; screenshots from Plaintiff's inquiries on Justanswer.com, ECF No. 65; another automated response message from

---

[3] Plaintiff's EEO proceedings are matters of public record, of which the court may take judicial notice. *See Vasser v. McDonald*, 228 F. Supp. 3d 1, 9–11 (D.D.C. 2016) (collecting cases).

the EEOC's online support center, the D.C. Commission on Judicial Disabilities and Tenure's dismissal of Plaintiff's complaint against a Superior Court judge, and several returns of non-service, ECF No. 66; and emails from her prior attorney explaining why her Superior Court case was dismissed, ECF No. 67.[4]

## II.    LEGAL STANDARD

Under Rule 60(b), a court may "relieve a party or its legal representative from a final judgment, order, or proceeding" for any of six enumerated reasons, including "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," and "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1)–(3). All motions for relief from a judgment under Rule 60(b) "must be made within a reasonable time," and for reasons established in Rule 60(b)(1)–(3), no more than a year after the court's entry of the operative order or judgment. Fed. R. Civ. P. 60(c)(1). Courts are "vested with a large measure of discretion" in ruling on Rule 60(b) motions. *Owens v. Republic of Sudan*, 864 F.3d 751, 818 (D.C. Cir. 2017) (cleaned up).

Pro se litigants are "allowed more latitude than litigants represented by counsel," which includes applying less stringent standards to their pleadings. *Moore v. Agency for Int'l. Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). Nonetheless, pro se litigants must abide by the Federal Rules of Civil Procedure, *id.,* and courts must strike a "'delicate balance between the sanctity of final judgments . . . and the incessant command of a court's conscience that justice be done in light of

---

[4] The court will GRANT Plaintiff leave to file her supplemental request for equitable tolling, ECF No. 62, and considers the arguments made therein. Because Plaintiff's remaining submissions are largely duplicative of that request and otherwise irrelevant to the court's analysis of the pending motion, Plaintiff's other requests for leave to file, ECF Nos. 63, 64, 65, 66, 67, will be DENIED.

all the facts,'" *Owens*, 864 F.3d at 818 (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)).

### III.   ANALYSIS

Plaintiff asks the court for relief from its Order dismissing her case in light of "mistake, inadvertence, surprise, or excusable neglect, such as newly discovered evidence that could not have been found earlier with reasonable diligence, fraud, misrepresentation, misconduct and timing." Pl.'s Mot. at 10 (citing Fed. R. Civ. P. 60(b)(1)–(3)); *see also* Pl.'s Reply in Supp. of Mot. for Relief ("Pl.'s Reply") at 3, ECF No. 61 (citing Rule 60(b)(6)). The crux of Plaintiff's motion, however, focuses on purported "deliberate misinformation" she received from former attorney, Mattew Famiglietti, and XTec's prior counsel, Eduardo Rasco, which "led [her] to believe the Notice of Right to Sue was not valid because the notice was addressed to another company thus filing suit was null and void." Pl.'s Mot. at 1; *id.* at 4 ("I acknowledge the deadline to file suit has passed[,] but it was because I was misinformed by my former counsel and XTec"); *see also* Pl.'s Reply at 2–3. In light of these representations, Plaintiff asks the court to reopen her case and equitably toll her deadline to file suit under Title VII. Pl.'s Mot. at 11–12. Because Plaintiff has failed to establish any grounds for relief under Rule 60(b), the court declines to do so.

The court notes that it has already decided, and rejected, some of Plaintiff's arguments regarding why she did not file her Complaint within Title VII's limitations period. *See* Mem. Op. at 4–5. It is well established that motions for reconsideration are not an opportunity "to reargue facts and theories upon which a court has already ruled." *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006) (cleaned up). Yet in her opposition to XTec's motion to dismiss, Plaintiff asserted that she "missed the deadline to file a lawsuit" because her former counsel "wanted to sue both XTec and DHS on the DHS EEO report," but "[w]hen Plaintiff received the report from the

agency[,] the deadline had passed." Pl.'s Opp'n to XTec's Mot. at 6; *see also* Pl.'s Mot. at 7. As the court previously explained, however, "[c]ourts 'apply Title VII's statute of limitations strictly' and will dismiss Title VII lawsuits for even 'minor tardiness.'" Mem. Op. at 4 (quoting *Able v. Washington Metro. Area Transit Auth.*, No. 18-cv-1372, 2023 WL 2733680, at *3 (D.D.C. Mar. 31, 2023) (collecting cases)). The court went on to observe that Plaintiff's Complaint came "nearly 500 days after the Commission's deadline," Mem. Op. at 5, because Plaintiff made the decision to "initiate[] two other claims in separate forums rather than heed the Commission's directive." *Id.* at 4. To the extent Plaintiff attempts to reassert her argument as a basis for equitable tolling, *see* Pl.'s Mot. at 7, the court will not revisit its prior determination. And, in any event, "tactical mistakes" are not grounds for extending a deadline to file suit. *Nelson v. SEC*, 138 F.4th 514, 523 (D.C. Cir. 2025) (cleaned up).[5]

As for Plaintiff's new claims regarding the allegedly misleading legal advice she received from her prior attorney and counsel for XTec, Plaintiff has failed to sufficiently explain why she did not advance these theories in her original pleadings. "Rule 60(b) is not 'a vehicle for presenting theories or arguments that could have been raised previously.'" *Walsh v. Hagee*, 10 F. Supp. 3d 15, 19 (D.D.C. 2013) (quoting *Fund for Animals v. Williams,* 311 F. Supp. 2d 1, 5 (D.D.C. 2004)). Although Plaintiff suggests that she "had the revelation later" that she "could use emails and the correspondence letter to *show* [she] lacked knowledge and was misled by the Defendant," Pl.'s Mot. at 10 (emphasis added), this "revelation" does not explain why she did not press her

---

[5] Nor does Plaintiff's initiation of litigation against XTec in other forums mandate equitable tolling. *See Williams v. Perdue*, 613 F. Supp. 3d 437, 451–53 (D.D.C. 2020), *aff'd*, No. 20-5133, 2020 WL 9595288 (D.C. Cir. Nov. 23, 2020); *Brookens v. Acosta*, 297 F. Supp. 3d 40, 50–51 (D.D.C. 2018), *aff'd*, No. 18-5129, 2018 WL 5118489 (D.C. Cir. Sept. 19, 2018).

*arguments* in the underlying proceedings.  Plaintiff's failure to do so is independently fatal to her motion.  *See Walsh*, 10 F. Supp. 3d at 19.

Moreover, to the extent Plaintiff claims that she discovered new evidence of attorney misconduct after her case was dismissed, Pl.'s Mot. at 1, 10, she does not (and cannot) explain how the evidence she now proffers was undiscoverable through even minor diligence at the time she filed her opposition to XTec's motion to dismiss, *see Duckworth v. United States*, 808 F. Supp. 2d 210, 216 (D.D.C. 2011) (explaining that a party seeking relief under Rule 60(b)(2) must show they were "justifiably ignorant of the evidence despite due diligence"), which put Plaintiff on notice that the timing of her Complaint might be problematic.  *See* XTec Mot. at 7–9.  Indeed, Plaintiff acknowledged that her Complaint was untimely in her briefing, *see* Pl.'s Opp'n to XTec's Mot. at 5–6, and her own submissions show that she received a copy of the now-critical email exchange between her former attorney and counsel for XTec in November 2020.  Pl.'s Mot. at 7; Pl.'s Ex. 2 at 4–5, ECF No. 59-4.  In addition, Plaintiff's reliance on Rule 60(b)(3)'s provision for misleading conduct by an opposing party is misplaced.  "Rule 60(b)(3) is concerned with fraud perpetrated in the course of litigation," *In re Hope 7 Monroe St. Ltd. P'ship*, 743 F.3d 867, 875 (D.C. Cir. 2014) (cleaned up), "not misconduct that preceded the litigation, which provided—or might have provided—a basis for seeking relief in the litigation," *Peltier v. Haaland*, No. 20-cv-3775, 2023 WL 12007545, at *5 (D.D.C. Aug. 29, 2023).

Finally, even assuming Plaintiff could demonstrate valid grounds for failing to raise her arguments and accompanying evidence in the original proceedings, she has failed establish any basis for the court to grant her requested equitable relief.  As the D.C. Circuit has repeatedly explained, equitable tolling is "exercised only in extraordinary and carefully circumscribed instances," *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 579–80 (D.C. Cir. 1998) (cleaned

up), and a plaintiff must demonstrate "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing," *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up).  Such extraordinary circumstances include "where a claimant has received inadequate notice" or "where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988) (cleaned up).  Under the related doctrine of equitable estoppel, "defendants are prevented from utilizing a statute of limitations defense when they affirmatively misled plaintiffs leading to the untimely filing." *Nelson v. Blinken*, No. 18-cv-1880, 2024 WL 3985365, at *4 (D.D.C. Aug. 29, 2024).

Turning first to XTec's purported intentional misrepresentations, Plaintiff states that on November 5, 2020, Rasco responded to an email from Famiglietti regarding a proposed settlement. Pl.'s Mot. at 7.  In that email, Rasco asserted that Plaintiff's attached Notice of Right to Sue was "against a different company," and asked Famiglietti "what [his] theory is regarding XTec's liability." *Id.*; Pl.'s Mot., Ex. 2 at 1–3, ECF No. 59-4.[6]  According to Plaintiff, this was an attempt to "deliberately trick and sabotage [Plaintiff's] efforts from filing."  Pl.'s Mot. at 11.  While it is true that individuals not named in an EEOC charge may still be sued if "they have been given actual notice of the EEOC proceeding or have an identity of interest with the party or parties sued before the EEOC," *Clay v. Howard Univ.*, 82 F. Supp. 3d 426, 433–34 (D.D.C. 2015) (cleaned up), nothing in Rasco's correspondence rises to the level of "affirmative misconduct" required to preclude XTec from raising a limitations defense or equitably toll Plaintiff's deadline, *Mondy*, 845 F.2d at 1057; *Nelson*, 2024 WL 3985365, at *4.

---

[6] Later, in these proceedings, XTec's current counsel averred that "Ms. Samai incorrectly called the company 'Authentic Technologies' in her complaint, but the matter was addressed and forwarded to XTec." *See* XTec Ex. 2 at 1, ECF No. 33-1.

Nor do Plaintiff's allegations regarding Famiglietti's purportedly misleading legal advice warrant equitable tolling. Plaintiff's own submissions show that Famiglietti acted with diligence in making further inquiries regarding the defendant named in Plaintiff's EEOC charge. *See* Pl.'s Mot. at 7; Pl.'s Ex. 2 at 4–5. After Plaintiff "mistakenly confirmed" that her charge named Authentic Technologies, Pl.'s Mot. at 8, Famiglietti simply advised Plaintiff "that if the wrong employer's name *and address* had been on the [Notice] the suit would be dismissed" and "expressed concerns" regarding Plaintiff's deadline for filing a lawsuit. *Id.* (emphasis added). Famiglietti then advised Plaintiff to contact the EEOC to amend her charge, *id.*, and, when the EEOC stated it could not do so, recommended Plaintiff file a new charge with the DC Office of Human Rights, *id.* at 9. Notably, nothing in Plaintiff's motion suggests that Famiglietti provided erroneous legal advice, and even if his advice was less than sound, "the circumstances that caused a litigant's delay must have been beyond [their] control," *Menominee Indian Tribe of Wis. v. United States*, 764 F.3d 51, 58 (D.C. Cir. 2014) (cleaned up). Famiglietti's candid representations regarding Plaintiff's likelihood of success, however, did not prevent her from filing a timely Complaint. If anything, his stated concern regarding Plaintiff's impending deadline to sue was yet another warning that her right to sue would soon expire. Plaintiff was thus "told three[7] times what she must do to preserve her claim, and she did not do it." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).

In the end, Plaintiff's claims regarding Rasco's representations and Famiglietti's legal counsel boil down to a request to equitably toll her deadline in light of her pro se status and her misunderstanding of the legal consequences flowing from the defects in her EEOC charge. *See*

---

[7] Plaintiff's own exhibits show that, in addition to the Notice of Right to Sue itself, the EEOC informed her that "[t]he notice of right to sue time period cannot be extended." Pl.'s Mot., Ex. 1 at 1–2, ECF No. 59-4.

Pl.'s Mot. at 10–11, Pl.'s Reply at 2–3; Pl.'s Req. for Equitable Tolling at 1–3. But equitable tolling is not appropriate if "the circumstance that stood in a litigant's way [is] a product of that litigant's own misunderstanding of the law." *Nelson*, 138 F.4th at 523. And "[a]lthough it is true that courts liberally construe *pro se* filings, a case in which a plaintiff fails to meet a statutory deadline but attributes it to her *pro se* status is not one in which a court should toll the statute of limitations." *Ferguson v. Loc. 689, Amalgamated Transit Union,* 626 F. Supp. 2d 55, 61 n.2 (D.D.C. 2009) (citation omitted); *see also Baldwin Cnty. Welcome Ctr.*, 466 U.S. at 152 ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

In sum, Plaintiff's motion fails to establish any grounds for relief under Rule 60(b) or any basis to equitably toll her deadline to file suit. As a result, the court declines to disturb its prior decision and accompanying Order dismissing her claims.

## IV.    CONCLUSION

For the foregoing reasons, the court will GRANT Plaintiff's Motion for Leave to File, ECF No. 59, and DENY her Motion for Relief from the court's Order, ECF No. 59-1.[8] A corresponding Order will follow.

Date: August 6, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[8] Plaintiff's supplemental Request for Equitable Tolling, ECF No. 62, is consequently DENIED as moot.